# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TENNESSEE
# AT GREENEVILLE

| | |
|---|---|
| **APRIL SHANNON THURSTON, CHLOE HARPER BROCK, LINDSEY BROCK, and ELIZABETH TERRY-EMERT**, on behalf of themselves and all others similarly situated, | Case No. _____ <br><br> Judge <br><br> **CLASS ACTION COMPLAINT** <br><br> **JURY DEMAND** |
| Plaintiffs, | |
| vs. | |
| **EAST TN DOG TRAINING, LLC d/b/a OFF LEASH K9 TRAINING, TN & NC,** | |
| Defendants. | |

## COMPLAINT

Plaintiffs April Shannon Thurston, Chloe Harper Brock, Lindsey Brock, and Elizabeth Terry-Emert ("Plaintiffs"), on behalf of themselves and all others similarly situated, for their collective action Complaint against Defendant East TN Dog Training, LLC d/b/a Off Leash K9 Training, TN & NC ("Off Leash"), state as follows:

## INTRODUCTION

1. This case challenged policies and practices of Defendant that violate the Fair Labor Standards Act ("FLSA").

2. Plaintiffs bring this case as a "collective action" pursuant to 29 U.S.C. § 216(b), which provides that "[a]n action to recover the liability" prescribed by the FLSA "may be maintained against any employer . . . by any one or more employees for an on behalf of . . . themselves and other employees similarly situated." Plaintiffs bring this case on behalf of themselves and other "similarly situated" persons who may join this case pursuant to § 216(b) (the "Putative Collective").

## JURISDICTION AND VENUE

3. This Court has federal question jurisdiction over this action pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 216(b).

4. Venue is proper in this forum pursuant to 28 U.S.C. § 1391 because Defendant Off Leash exists in this District, and Plaintiffs reside in the Eastern District, and because a substantial part of the events and omissions giving rise to Plaintiffs' claims occurred in this District and Division. Specifically, Defendant Off Leash claims a principal office at 404 Sugar Hollow Acres (Private Drive), Piney Flats, Tennessee 37686, and may be served at the same address via its Registered Agent, Randi Bowen Laferney.

## PARTIES

5. Plaintiff April Shannon Thurston is an adult who resides in East Tennessee.

6. Within three years preceding the filing of this Action, Plaintiff Thurston was employed by Defendant Off Leash under an Independent Contractor Agreement.

7. At all times relevant, however, Plaintiff Thurston was an employee within the meaning of the term pursuant to 29 U.S.C. § 203(e).

8. Plaintiff Chloe Harper Brock is an adult who resides in East Tennessee.

9. Within three years preceding the filing of this Action, Plaintiff Chloe Brock was employed by Defendant Off Leash under an Independent Contractor Agreement.

10. At all times relevant, however, Plaintiff Chloe Brock was an employee within the meaning of the term pursuant to 29 U.S.C. § 203(e).

11. Plaintiff Lindsey Brock is an adult who resides in East Tennessee.

12. Within three years preceding the filing of this Action, Plaintiff Lindsey Brock was employed by Defendant Off Leash under an Independent Contractor Agreement.

13. At all times relevant, however, Plaintiff Lindsey Brock was an employee within the meaning of the term pursuant to 29 U.S.C. § 203(e)

14. Plaintiff Elizabeth Terry-Emert is an adult who resides in East Tennessee.

15. Within three years preceding the filing of this Action, Plaintiff Terry-Emert was employed by Defendant Off Leash under an Independent Contractor Agreement.

16. At all times relevant, however, Plaintiff Terry-Emert was an employee within the meaning of the term pursuant to 29 U.S.C. § 203(e)

17. At all times relevant, Defendant Off Leash was an enterprise engaged in commerce or in the production of goods for commerce within the meaning of 29 U.S.C. § 203(s)(1).

18. At all times relevant, Plaintiffs and the Putative Collective were employees of Defendant Off Leash engaged in commerce or in the production of goods for commerce within the meaning of 29 U.S.C. § 206-207.

## FACTS

19. Defendant Off Leash owns and operates a dog training business in Tennessee and North Carolina, with facilities in Tennessee and North Carolina.

20. At all relevant times, Defendant Off Leash East TN employed dog trainers and sales associates to provide dog training services to customers, and/or to sell dog training packages to customers.

21. Though the FLSA, as well as relevant tax law regulations, would require Off Leash to classify Plaintiffs and the Putative Collective as employees, Off Leash illegally classified Plaintiffs, and classified and continues to classify members of the Putative Collective, as independent contracts, thus Off Leash also violated and continues to violate federal law by not

3

tracking employee hours worked, not compensating employees for overtime hours worked, and not accounting for federal taxes/withholdings related to Social Security, Medicare, etc.

22. Off Leash's policy and practice of withholding overtime pay to Plaintiffs and Putative Collective Members clearly violated and continues to violate the FLSA.

23. In fact, upon information and belief, Off Leash's practice of misclassifying employees as independent contractors to avoid paying employees minimum wage and overtime compensation (as well as to avoid federal tax law) is common across Off Leash Managing Member Randi Laferney's businesses, including Off Leash and other similar dog training businesses in other states.[1]

24. Plaintiff Chloe Brock was employed as a sales associate by Off Leash from October 2020 through October 2022. She performed inside sales functions in addition to creating social media content and scheduling dog trainers for clients.

25. Plaintiff Lindsey Brock was employed as a dog trainer by Off Leash from May 2018 through October 2022. She conducted classes at Defendant's facilities and completed 14-day board and train sessions in her home with the dogs of Defendant's clients.

26. Plaintiff Shannon Thurston was employed as a dog trainer by Off Leash from September 2015 through October 2022. She conducted classes at Off Leash's facilities and completed 14-day board and train sessions in her home with the dogs of Off Leash's clients.

27. Plaintiff Elizabeth Terry-Emert was employed as a dog trainer by Off Leash from May 2020 through October 2022. She conducted classes at Off Leash's facilities and completed 14-day board and train sessions in her home with the dogs of Off Leash's clients.

---

[1] With this belief in mind, Plaintiffs and their counsel reserve the right to amend this Complaint in the future, and add Ms. Laferney's other dog training businesses as party defendants, as well as Putative Collective Members from those businesses.

28. Each of Plaintiffs' work was integral to Off Leash's business. Without Chloe Brock, Off Leash would have had no clients or fewer clients, and dog trainers would not have been assigned to clients to perform the essential function of Off Leash's business. Plaintiffs Lindsey Brock, Shannon Thurston, and Elizabeth Terry-Emert performed the central services of Defendant's business by conducting classes and board and trains for Off Leash's clients.

29. Plaintiffs' relationship with Off Leash was also permanent. Each of Plaintiffs' contracts with Off Leash provided that the term of the agreements was indefinite until the employee or Off Leash terminated the agreement, and Plaintiffs worked solely for Off Leash during the term of their respective employment relationships. In fact, based on the hours required of Plaintiffs, it would have been difficult, if not impossible, for them to have employment outside of Off Leash while employed. Plaintiffs worked far in excess of 40 hours per week regularly for Off Leash.

30. Off Leash's investment in the equipment Plaintiffs used to perform their respective jobs also substantially outweighs any investment made by Plaintiffs. Off Leash provided the office space and equipment necessary for Plaintiffs to perform the functions of their jobs, and provided Plaintiffs with training sessions and training materials. Plaintiffs were not responsible for advertising Off Leash's services, or for providing software necessary for Plaintiffs to perform their work.

31. Off Leash also exercised a substantial amount of control over Plaintiffs while employed. For example, Off Leash regularly scheduled Plaintiffs Lindsey Brock, Shannon Thurston, and Elizabeth Terry-Emert for facility time, during which Defendant required Plaintiffs to be present at Off Leash's facility, and required Plaintiffs to coordinate coverage if they could not be present at the facility during their scheduled times. During facility times,

Plaintiffs were required to conduct classes, trainer consultations, and scheduled board and train refreshers, and were not permitted to use facility time for in-home lessons, or board and train turnovers and pickups. Off Leash required Plaintiffs to wear Off Leash branded clothing during this time, and clean Off Leash's facility at the end of Plaintiffs' scheduled facility time. Off Leash also scheduled Plaintiff Chloe Brock's sales work, and required her and other members of Off Leash's sales team to get coverage when they could not work during their scheduled shifts. Off Leash also required Plaintiffs to obtain management approval for personal time and vacations. And all of the above, upon information and belief, were common practices which applied to Plaintiffs, and which applied and likely still apply to Putative Collective Members.

32. Off Leash further exercised a substantial degree of control over dog trainers' work specifically related to board and trains. Off Leash's dog trainers, like three of the Plaintiffs, were required to work with each board and train dog for an average of three (3) to four (4) hours per day, provide daily pictures to dog parents, and frequently post content online. Off Leash's employees were required to follow strict standards when posting online, including a requirement to provide edited pictures and videos of each dog that attended a class or board and train daily. Off Leash's employees further had to complete the edited, transformation video at the end of each board and train, created with specific standards.

33. Upon information and belief, Off Leash's employees, like Plaintiffs, and employees of other entities owned and/or operated by Randi Laferney who were and are similarly situated as Plaintiffs, including those misclassified by Off Leash as independent contractors, performed services that were an integral part of Off Leash's business, worked for Off Leash solely and continuously during the term of their employment, had minimal

investments in facilities and equipment, and Off Leash exercised substantial control over the lives, work, and methods of those similarly situated employees.

34. Plaintiffs and, upon information and belief, other similarly situated employees of Off Leash, were required to perform additional work as well, for which they received no compensation. Plaintiffs Lindsey Brock, Shannon Thurston, and Elizabeth Terry-Emert were required to attend up to thirty (30) days of *unpaid training* provided by Off Leash prior to starting work for the company. Further, Plaintiffs were required to attend advertising events for Off Leash's business; perform free services to former clients for refresher classes or Canine Good Citizen certification; and attend meetings to discuss issues and do deep cleaning of the Off Leash facilities. And all of the above, upon information and belief, were common practices which applied to Plaintiffs, and which applied and likely still apply to Putative Collective Members.

## COLLECTIVE ACTION ALLEGATIONS

35. Plaintiffs bring this action on their own behalf pursuant to 29 U.S.C. § 216(b), and on behalf of all other similarly situated persons who have been, are being, or will be, adversely affected by Defendant Off Leash's unlawful conduct.

36. The collective that Plaintiffs seek to represent, and for whom Plaintiffs seeks the right to send "opt-in" notices for purposes of the collective action, and of which Plaintiffs are also members, is composed of and defined as follows:

> **All current and former Trainers and Sales Associates employed (or misclassified as independent contractors) by Defendant Off Leash whose hours were never tracked, who were not paid overtime wages, and who were otherwise required to work for Defendant Off Leash without any compensation during the three (3) years preceding the date of the filing of this Action through final disposition of this matter.**

37. This action is maintainable as an "opt-in" collective pursuant to 29 U.S.C. § 216(b) as to claims for unpaid minimum wages, unpaid overtime wages, liquidated damages, attorneys' fees, and costs under the FLSA. In addition to Plaintiffs, numerous current and former employees (some if not all misclassified as independent contractors) are similarly situated with regard to their claims for unpaid wages and damages. Plaintiffs are representative of those other employees, and are acting on behalf of their interest as well as their own in bringing this action.

38. These similarly situated employees are known to Defendant Off Leash, and are readily identifiable through Defendant Off Leash's records (e.g., payroll, Form 1099's, bank records, etc.). These individuals, as soon as possible, should be readily be notified of this Action and allowed to opt-in pursuant to 29 U.S.C. § 216(b) for the purpose of collectively adjudicating their claims for unpaid wages, liquidated damages, attorneys' fees, and costs under the FLSA.

## COUNT ONE
### (FLSA Minimum Wage/Minimum Hour Violations)

39. Plaintiffs, on behalf of themselves and the Putative Collective Members, allege and incorporate by reference all allegations in all preceding paragraphs.

40. Defendant Off Leash has engaged in a widespread pattern, policy, and practice of violating the FLSA, as detailed in this Collective Action Complaint.

41. At all times relevant, Plaintiffs and the Putative Collective Members have been covered by the FLSA.

42. Defendant off Leash failed to pay Plaintiffs and the Putative Collective Members the minimum hourly wages and overtime wages to which they are entitled under 29 U.S.C. §§ 206-207.

43. Defendant Off Leash was not eligible to classify Plaintiffs and the Putative Collective Members as independent contractors. Nevertheless, Defendant Off Leash paid

Plaintiffs and the Putative Collective Members only on a contract basis, did not maintain records of their hours worked for Defendant, and did not compensate them at the hourly rate and/or overtime rate required by 29 U.S.C. § 201, *et seq.*

44. Due to Defendant Off Leash's violations of the FLSA, Plaintiffs and Putative Collective Members are entitled to recover from Defendant their unpaid minimum wages, unpaid overtime wages, liquidated damages equal in amount to the unpaid wages owed within three years of the violation (or of which the violation ceased if it was continuing in nature), and reasonable attorney's fees and costs.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiffs, on behalf of themselves and all persons similarly situated, pray that this Honorable Court:

A. Conditionally certify this case as an FLSA "collective action" pursuant to 29 U.S.C. § 216(b) and direct that court-approved notice be issued to similarly situated persons informing them of this action and enabling them to opt-in;

B. Enter judgment against Defendant and in favor of Plaintiffs and the Putative Collective;

C. Award Plaintiffs and the Putative Collective actual damages for unpaid wages;

D. Award Plaintiffs and the Putative Collective liquidated damages equal in amount to unpaid wages found due to Plaintiffs and the Putative Collective;

E. Award Plaintiffs and the Putative Collective pre-judgment and post-judgment interest at the statutory rate;

F. Award Plaintiffs and the Putative Collective attorney's fees, costs, and disbursements; and,

G. Award Plaintiff and the Putative Collective further and additional relief as this Court deems just and proper.

Respectfully submitted,

/s/ Chris W. McCarty
Chris W. McCarty, Esq. (BPR #025551)
cmccarty@lewisthomason.com
Ryan T. Shannon, Esq. (BPR #039441)
rshannon@lewisthomason.com

LEWIS THOMASON, P.C.
One Centre Square, Fifth Floor
620 Market Street
P.O. Box 2425
Knoxville, TN  37901
(865) 546-4646

*Attorneys for Plaintiffs*