# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF TENNESSEE
# AT GREENEVILLE

| | |
|---|---|
| APRIL SHANNON THURSTON CHLOE HARPER BROCK, LINDSEY BROCK, ELIZABETH TERRY-EMERT, and RILEY JACOBS, on behalf of themselves and all others similarly situated, <br><br> Plaintiffs, <br><br> vs. <br><br> EAST TN DOG TRAINING, LLC d/b/a OFF LEASH K9 TRAINING, TN & NC, OFF LEASH K9 FLORIDA, LLC and RANDOLYN BOWEN LAFERNEY, <br><br> Defendants. | Case No. 2:23-cv-00042 <br><br> Judge Thomas A. Varlan <br><br> **COLLECTIVE ACTION** <br><br> **JURY DEMAND** |

## JOINT MOTION FOR SETTLEMENT APPROVAL AND DISMISSAL WITH PREJUDICE

COME NOW the Plaintiffs and Defendants (hereinafter, jointly, the "Parties"), by and through counsel, and jointly move this Court for an approval of the settlement agreement reached by the Parties. The Parties further jointly move the Court to dismiss this action in its entirety with prejudice. The Parties rely on their memorandum in support of this Motion, filed contemporaneously, and in furtherance of this Motion state:

1. Plaintiffs, who are former dog trainers and salespersons for Defendants, have alleged that Defendants violated the Fair Labor Standards Act ("FLSA") by failing to pay

minimum hourly wages and overtime wages to which they are entitled under 29 U.S.C. §§ 206-207.

2. Defendants deny Plaintiffs' claims and assert Plaintiffs are not owed any overtime or other pay. Specifically, Defendants contend that Plaintiffs were properly classified as independent contractors, exempt from overtime. If the case were to be litigated, Defendants would also oppose certification of the collective action, the amount of overtime allegedly worked, individual liability, liquidated damages, willfulness, (i.e., extension of the statue of limitations period), Plaintiffs' method of calculating damages, and the reasonableness of the Plaintiffs' attorneys' fees and costs.

3. As this case arises under the FLSA, the Parties' Settlement Agreement may need to be approved by the Court. *See Lynn's Foods Stores, Inc. v. United States*, 679 F.2d 1350, 1352 (11th Cir. 1982). There are two ways in which claims under the FLSA can be settled and released by employees. Section 216(c) of the FLSA allows employees to settle and waive their claims under the FLSA if the employer's payment of unpaid wages is supervised by the Secretary of Labor. *See* 29 U.S.C. § 216(c); *Lynn's Food Stores*, 679 F.2d at 1353. In the context of a private lawsuit brought by an employee against his or her employer under Section 216(b) of the FLSA, as in the present case, an employee may settle and release FLSA claims against an employer if the parties present the district court with a proposed settlement and the district court enters a stipulated judgment after approving the fairness of the settlement. *Id.*

4. If a settlement in an employee FLSA suit reflects "a reasonable compromise over issues," such as FLSA coverage or computation of back wages that are "actually in dispute," the court may approve the settlement "in order to promote the policy of

Page **2** of **6**

Case 2:23-cv-00042-TAV-CRW   Document 24   Filed 06/24/24   Page 2 of 6   PageID #: 185

encouraging settlement of litigation." *Id.* at 1354. The Sixth Circuit has identified the following factors to consider in determining whether a settlement is fair and reasonable: (1) the risk of fraud or collusion; (2) the complexity, expense and likely duration of the litigation; (3) the amount of discovery completed; (4) the likelihood of success on the merits; (5) the opinion of class counsel and representatives; (6) the reaction of absent class members; and (7) public interest in the settlement. *Int'l Union, United Auto, Aerospace and Agr. Implement Workers of Am. v. General Motors Corp.*, 497 F.3d 615, 631 (6th Cir. 2007). The Court may choose to consider only those factors it considers relevant to the settlement at hand, and often, "inquiry into one factor necessarily overlaps with inquiry into another." *In re Cincinnati Policing*, 209 F.R.D. 395, 400 (S.D. Ohio 2002). The Court is not required to determine if the settlement is the fairest possible resolution of the claims of each plaintiff, but rather whether the settlement taken as a whole is fair, adequate, and reasonable. *UAW v. General Motors Corp.*, 2006 U.S. Dist. LEXIS 14890, 2006 WL 89115 at *15 (E.D. Mich. March 31, 2006), aff'd 497 F.3d 615 (6th Cir. 2007).

5. There is a strong presumption in favor of settlement agreements, and they are a preferred method of resolving class actions. *Int'l Union*, 497 F.3d at 632.

6. The Parties have agreed to settle the claims in this lawsuit to avoid further litigation and costs. Parties have negotiated the Settlement Agreement, which will take effect following the Court's approval. The Agreement will bind the Parties. All Parties are represented by experienced and competent counsel and the Parties engaged in protracted arms-length negotiations following formal and informal discovery in a related state-law claim.

7. The Parties recognize and acknowledge the expense and length of continued proceedings to litigate certification and decertification of the collective, other motion practice, summary judgment, trial, and potential appeals. The Parties and counsel have considered the uncertain outcomes and risk of any litigation, as well as the difficulties and delays inherent in litigation. Plaintiffs and Plaintiffs' counsel are mindful of the inherent problems of proof and the existence of potentially adverse evidence that Defendants may use to discredit and defend against Plaintiffs' claims. Likewise, Defendants are aware of proof and the existence of adverse evidence that Plaintiffs may use to prove their claims. Additionally, Plaintiffs acknowledge a pending case in Knox County Chancery Court with uncertain outcomes that may require they pay a judgement, effectively reducing recovery in the FLSA claim. The Parties assert it is desirable and beneficial that Plaintiffs' claims in this matter be fully and finally settled in the manner and upon the terms and conditions set forth in the Settlement Agreement.

8. The Parties agree that the terms of the Settlement Agreement are fair and equitable considering the disputed issues and the time, expense, and burden required by continued litigation. The analysis of this agreement is more fully outlined in the accompanying memorandum of law filed with this Motion.

9. The Parties jointly agree and propose to the Court that their Settlement Agreement is a "fair and reasonable resolution of a *bona fide* dispute over FLSA provisions." *Lynn's Food Stores*, 679 F.2d at 1355. Because the Settlement Agreement is a fair and equitable compromise of a bona fide dispute, Defendants and Plaintiffs request that the Court approve the Settlement Agreement and enter a final judgment dismissing the case, in its

entirety, with prejudice. An Agreed Order and Final Judgment, approved by the Parties, are being submitted with this Motion.

In support of this Motion, the Parties rely upon a memorandum of law filed contemporaneously herewith.

**WHEREFORE, premises considered**, the Parties respectfully ask this Court to:

1. Enter an Order approving the Settlement Agreement; and
2. Enter a Final Judgment dismissing the case, with prejudice, with costs assessed to the respective Parties.

*Respectfully submitted,*

**LEITNER, WILLIAMS, DOOLEY & NAPOLITAN, PLLC**

**BY:** */s/ Brad A. Fraser*
Brad A. Fraser, Esq.
BPR # 020087
Stefanie M. Bowen, Esq.
BPR # 040630
900 South Gay Street
Suite 1800 – Riverview Tower
Knoxville, TN 37902
(865) 523-0404
Brad.Fraser@leitnerfirm.com
Stefanie.Bowen@leitnerfirm.com
*Counsel for Defendants*

and

**LEWIS THOMASON, P.C.**

**BY:** */s/ Ryan T. Shannon*
Chris W. McCarty, Esq.
BPR # 25551

Ryan T. Shannon, Esq.
BPR # 039441
Marshall Stair, Esq.
BPR # 275556
900 South Gay Street
Suite 300 – Riverview Tower
Knoxville, TN 37902
(865) 546-4646
cmccarty@lewisthomason.com
rshannon@lewisthomason.com
marshallstair@lewisthomason.com
*Counsel for Plaintiffs*

### CERTIFICATE OF SERVICE

I hereby certify that on June 24, 2024, a copy of the foregoing document was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. All other parties will be served by regular U.S. mail. Parties may access this filing through the Court's electronic filing system.

LEITNER, WILLIAMS, DOOLEY
& NAPOLITAN, PLLC


BY: /s/ *Brad A. Fraser*
BRAD A. FRASER
STEFANIE M. BOWEN