UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
GREENEVILLE DIVISION

| | |
|---|---|
| APRIL SHANNON THURSTON, et al., ) <br> ) <br> Plaintiffs, ) <br> ) <br> vs. ) <br> ) <br> EAST TN DOG TRAINING, LLC d/b/a ) <br> OFF LEASH K9 TRAINING, TN & NC, ) <br> et al. ) <br> ) <br> Defendants. | 2:23-CV-42 |

**REPORT AND RECOMMENDATION**

Before the Court is the parties' Joint Motion for Settlement Approval [Doc. 24]. This motion was referred to the undersigned by the District Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and (C) for entry of a report and recommendation. [Doc. 27]. The motion seeks court approval of the settlement of Plaintiffs' claims under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq*. ("FLSA"), which would result in the action then being dismissed with prejudice. The parties appeared before the Court on August 6, 2024, for a hearing on the motion. Ryan Shannon, Esq. was present on behalf of Plaintiffs and Stefanie Bowen, Esq. was present on behalf of Defendants. For the reasons set forth below, the undersigned recommends that the Motion [Doc. 24] be **GRANTED**.

I.  **Background**

Plaintiffs, on behalf of themselves and others similarly situated, filed a collective action against Defendants on April 21, 2023. [Doc. 1]. The Complaint alleges that Plaintiffs worked for

Defendant Off Leash K9 Training, TN & NC ("Off Leash") within the previous three years under independent contractor agreements. The Complaint states that during all relevant times Off Leash employed dog trainers and sales associates to offer dog training and/or to sell dog training packages to customers. Plaintiffs allege that the FLSA and relevant tax regulations required Off Leash to classify Plaintiffs and the Putative Collective (hereinafter "Plaintiffs") as employees rather than independent contracts but Off Leash instead illegally classified, and continues to classify, Plaintiffs as independent contractors to avoid paying minimum wage and overtime compensation. In support of this allegation, Plaintiffs state that their work was integral to Off Leash's business, that Off Leash's investment in the equipment Plaintiffs used to perform their job duties substantially outweighed the investment made by Plaintiffs, and that Off Leash exercised a substantial amount of control over Plaintiffs during the term of their employment. Based on these allegations, Plaintiffs contend that Off Leash has violated the FLSA "by not tracking employee hours worked, not compensating employees for overtime hours worked, and not accounting for federal taxes/withholding relating to Social Security, Medicare, etc." [Doc. 1, p. 3-4].

## II. Position of the Parties

The parties filed the Joint Motion [Doc. 24] presently before the Court, in which they request that the Court approve their settlement agreement and then dismiss the case with prejudice. In support, the parties allege that they have a bona fide dispute regarding whether in accordance with the FLSA, Plaintiffs should have been classified as employees entitled to minimum hourly wages and overtime wages rather than as independent contractors. Defendants note that as a preliminary matter, they would oppose class certification if the case was further litigated. Even if the parties assume for argument's sake that Plaintiffs should have been classified as employees, they further disagree as to "the amount of overtime allegedly worked, individual liability,

liquidated, damages, willfulness…, Plaintiffs' method of calculating damages, and the reasonableness of Plaintiffs' attorney fees and costs." [Doc. 24, p. 2].

The parties advise that they have agreed to settle the claims in this suit, in significant part, to avoid further litigation and costs. The parties agree that both sides were represented by experienced and competent counsel and note that the parties engaged in protracted negotiations following formal and informal discovery in a related state-law claim. Notably, Plaintiffs in this action were the defendants in the underlying state court action. The parties represent to the Court that the settlement agreement is fair and equitable when considering the issues in conjunction with the time, expense, and burden of continued litigation. The parties further represent that it is desirable and beneficial that all claims in this matter be fully and finally settled upon the terms set forth in the settlement agreement.

### III. Legal Standard

"When an employee's rights under the FLSA are violated, the statute provides for back pay in the amount of unpaid minimum wages and overtime compensation plus an equal amount of liquidated damages." *Thompson v. United Stone, LLC*, No. 1:14-CV-224, 2015 WL 867988, at *1 (E.D. Tenn. Mar. 2, 2015). "[T]hese remedies are mandatory and not subject to bargaining, waiver, or modification by contract or settlement except in two narrow circumstances." *Id.* (citing *Lynn's Food Stores v. United States*, 679 F.2d 1350, 1352-53 (11th Cir. 1982)). In the first of these circumstances, an employee may waive the right to bring suit under the FLSA if the employer repays unpaid wages and overtime compensation under the supervision of the Secretary of Labor. *Id.* (citing 29 U.S.C. § 216(c)). In the second circumstance, which is at issue here, "an employee who has filed a lawsuit asserting FLSA claims against her employer may settle her case subject to judicial approval of the settlement with respect to the FLSA claims." *Id.*; *Grey v. Evolution*

*Wireless Inc.*, No. 3:18-CV-290-TRM-DCP, 2019 WL 13195490, at *2 (E.D. Tenn. Nov. 4, 2019). Such approval is required for the settlement of an FLSA claim to ensure that the settlement is a "fair and reasonable resolution of a bona fide dispute over FLSA provisions." *Grey v. Evolution Wireless Inc.*, No. 3:18-CV-290-TRM-DCP, 2019 WL 13195490, at *2 (E.D. Tenn. Nov. 4, 2019) (quoting *Lynn's Food Stores v. United States*, 679 F.2d 1350, 1355 (11th Cir. 1982)); *see also Does 1-2 v. Déjà Vu Servs., Inc.*, 925 F.3d 886 (6th Cir. 2019) (affirming the district court's decision that an FLSA settlement agreement was fair, reasonable, and adequate). "The compromise regarding the FLSA claim should 'reflect a reasonable compromise over issues, such as FLSA coverage or computation of back wages, that are actually in dispute'" and not a mere waiver of statutory rights resulting from employer overreach. *Grey*, 2019 WL 13195490, at *2 (quoting *Lynn's Food Stores*, 679 F.2d at 1355).

"In deciding whether the approve a class action settlement, the 'ultimate issue' for the Court is whether the proposed settlement 'is fair, adequate, and reasonable.'" *In re Cincinnati Policing*, 2019 F.R.D. 395, 400 (S.D. Ohio 2002) (quoting *Williams v. Vukovich*, 720 F.2d 909, 921 (6th Cir. 1983)). The Sixth Circuit has articulated seven factors to be considered in making this determination. *Déjà Vu*, 925. F.3d at 894-95.

> Those factors include: (1) the risk of fraud or collusion, (2) the complexity, expense, and likely duration of the litigation, (3) the amount of discovery engaged in by the parties, (4) the likelihood of success on the merits, (5) the opinions of class counsel and class representatives, (6) the reaction of absent class members, and (7) the public interest.

*Id.* (citing *Int'l Union, UnitedAuto, Aerospace, and Agr. Implement Workers of Am. v. Gen. Motors Corp.*, 497 F.3d 615, 631 (6th Cir. 2007)). The most important of these factors is probability of success on the merits. *Id.*

## IV. Analysis

During the hearing held to address the proposed settlement agreement, the parties advised the Court, in accordance with their filing, that they have a bona fide dispute and reiterated the nature of the dispute as was outlined in their pleadings. The parties also emphasized that the settlement agreement was only reached following a heavily negotiated mediation and continuing efforts after the mediation was concluded. The parties assert that the terms of the agreement ultimately reached are fair and reasonable when analyzed under the standard articulated by the Sixth Circuit. Under the terms of the agreement, all parties will release all known and unknown claims in the related state-law case and the claims for overtime compensation, unpaid wages, minimum wage compensation, liquidated damages, attorney fees, penalties, and interest pursuant to the FLSA, state law, or common law that arise from the Amended Complaint [Doc. 9] filed in this case.

The Court will now analyze the proposed settlement using the factors outlined by the Sixth Circuit for use in determining whether a class action settlement is fair, reasonable, and adequate. The first factor, likelihood of success on the merits, is also the most significant factor, as stated above. Plaintiffs strongly contend they would be successful on the merits, while Defendant are equally firm in asserting that Plaintiffs were properly compensated and that they did not violate the FLSA. In addition to the contested core issue of liability, the parties also disagree regarding derivative issues, such as whether the Plaintiffs are similarly situated and what statute of limitations would apply. The parties assert, and the Court agrees, that given the diametrically opposing views of the parties and the burden Plaintiffs would face at trial, there is significant risk for both parties regarding likelihood of success on the merits. Put simply, this is not a case of

clearcut liability while at the same time Plaintiffs have presented a colorable claim that Defendants are liable for an FLSA violation. As such, this factor weighs in favor of settlement approval.

With respect to the risk of fraud or collusion, the Court notes that this settlement was reached through extensive, arm's length negotiations between experienced counsel who not only used the services of a mediator experienced in labor and employment litigation but then had to continue to negotiate after the mediation in order to ultimately reach an agreement. "The participation of an independent mediator in settlement negotiations virtually insures that the negotiations were conducted at arm's length and without collusion between the parties." *Bert v. AK Steel Corp.*, No. 1:02-CV-467, 2008 WL 4693747, at *2 (S.D. Ohio Oct. 23, 2008) (citing *Hemphill v. San Diego Ass'n of Realtors, Inc.*, 225 F.R.D. 616, 621 (S.D. Cal. 2005); *In re Toys R Us Antitrust Litig.*, 191 F.R.D. 347, 353 (E.D.N.Y. 2000)). Accordingly, this factor also weighs in favor of allowing the settlement and corresponding dismissal as requested.

The parties acknowledge that many of the contested issues in this matter are fact-intensive and unlikely to be resolved via summary judgment, which means that continued litigation would likely be required, resulting in significant further time being expended and expense being incurred by the parties, including the cost of a trial. While the parties did not engage in formal discovery in this matter, Defendants responded to written discovery in a related state-law case during the pendency of this action. The parties further assert that much of the information related to Plaintiffs' FLSA claim was discussed during settlement negotiations which enabled the parties to weigh the strengths and weaknesses of their respective cases. Thus, the third and fourth factors weigh in favor of permitting the settlement.

Counsel for both parties are experienced in the fields of labor and employment law and the litigation of collective actions involving wage and hour claims. Counsel has represented to the

Court that they agree that the proposed settlement is fair, reasonable, and adequate, and the settlement has been approved by representatives of the collective. Additionally, there have been no objections made on the record to the proposed settlement. The Court finds that the opinions of counsel and collective representatives and the lack of any objection to the proposed settlement weigh in favor of approving the settlement.

The final factor to be addressed is the public interest. "Courts have held 'there is a strong public interest in encouraging settlement of complex litigation and class action suits because they are notoriously difficult and unpredictable and settlement conserves judicial resources.'" *Déjà vu*, 925 F.3d at 899 (quoting *In re Cardizem CD Antitrust Litig.*, 218 F.R.D. 508, 530 (E.D. Mich. 2003)). The Court agrees with the parties' position that this settlement ends a potentially long and complex litigation process and encourages employers to ensure they pay workers in accordance with the FLSA. Therefore, this final factor also weighs in favor of settlement.

Having determined that the factors above favor approval of a settlement, the Court now must consider the details of the proposed settlement. The proposed settlement resolves all wage and hour claims including, but not limited to, all FLSA minimum wage and overtime claims and potential claims for unpaid wages and provides Plaintiffs with specific monetary relief. Specifically, the collective will equally share a total monetary award which has been disclosed to the Court under seal. [Doc. 30]. The Court finds that the amount of the settlement, the classification of the proceeds, and the payment terms for the settlement provide meaningful and timely compensation to Plaintiffs for their claims against Defendants. [Doc. 30 & 31]. The Court finds that the settlement terms regarding the mediator's fee and attorney fees are reasonable, as are the

other miscellaneous provisions contained within the agreement. *Id.*[1] A more detailed analysis of the specific distribution of settlement proceeds to each Plaintiff as well as to Plaintiffs' counsel for attorney fees is included in the sealed, ex parte supplement filed in conjunction with this report and recommendation.[2]

V.     Conclusion

After careful review of the parties' Motion, the Settlement Agreement, and the representations made by counsel during the hearing as more fully stated above, the undersigned **RECOMMENDS** that the Joint Motion for Settlement Approval be **GRANTED** and further **RECOMMENDS** that the case be dismissed with prejudice with costs assessed to the respective parties.[3]

RESPECTFULLY SUBMITTED,

/s/Cynthia Richardson Wyrick
United States Magistrate Judge

---

[1] The Court notes that the FLSA contains a mandatory fee-shifting provision, under which the prevailing party shall recover reasonable attorney fees and costs. *Allen v. Express Courier Int'l, Inc.*, No. 3:18-CV-20, 2019 WL 13216607, at *2 (E.D. Tenn. Nov. 5, 2019) (citing 29 U.S.C. § 216(b)). However, under the terms of this agreement, "no party is to be considered a prevailing party for any purpose other than for the purpose of the court approval of the parties' settlement agreement." [Doc. 31, ¶ 12]. Additionally, the settlement agreement states that each party shall bear his or her own attorney fees and costs. *Id.* at ¶ 7. As such, the FLSA's fee-shifting provision is not triggered, and an analysis of the reasonableness of attorney fees is not necessary here.

[2] The Court held an ex parte hearing to address the issue of attorney fees only. The Court found it appropriate to address those fees ex parte as they include fees incurred during this case as well as the underlying state court case.

[3] Objections to this Report and Recommendation must be filed within 14 days after service of this recommended disposition on the objecting party. 28 U.S.C. 636(b)(1); Fed. R. Civ. P. 72(b)(2). Such objections must conform to the requirements of Fed. R. Civ. P. 72(b). Failure to file objections within the time specified waives the right to appeal the District Court's order. *Thomas v. Arn*, 474 U.S. 140 (1985). The district court need not provide de novo review where objections to this report and recommendation are frivolous, conclusive or general. *Mira v. Marshall*, 806 F.2d 636 (6th Cir. 1986). Only specific objections are reserved for appellate review. *Smith v. Detroit Federation of Teachers*, 829 F.2d 1370 (6th Cir. 1987).